■ In the Matter of CITY OF NEW YORK, Respondent, v YASEMIN NORTH PACKTOR, Appellant. [796 NYS2d 412]—

In a condemnation proceeding, the claimant, Yasemin North Packtor, appeals from an order of the Supreme Court, Richmond County (Gerges, J.), dated May 19, 2004, which granted the motion of the condemnor, City of New York, for a determination that the claimant's compensation for the acquisition of that portion of her property lying within the bed of a mapped street was limited to the sum of one dollar.

Ordered that the order is affirmed, with costs.

The 1966 deed in the chain of title to the subject property contained a dollar condemnation clause, providing that the landowner was limited to the sum of one dollar compensation for acquisition by condemnation of any portion of the subject property lying within the bed of, inter alia, a mapped street on the then-present City of New York map. In 1992 the property was conveyed to the claimant. Thereafter, in 1994 the City condemned the property for preservation as wetlands and a natural park.

We agree with the Supreme Court that the dollar condemnation clause of the deed in the chain of title is clear and unambiguous on its face, and thus applicable under the circumstances. A portion of the claimant's property lies within the bed of an unopened, yet mapped, street and the covenant is binding upon and runs with the land. Under a plain reading of the deed (*see Greenfield v Philles Records*, 98 NY2d 562 [2002]), the claimant was only entitled to the sum of one dollar compensation for that portion of her property lying within the bed of the mapped street (*see Matter of City of New York [Eltingville Realty Corp.]*, 33 AD2d 772 [1969], *affd* 27 NY2d 943 [1970]).

The claimant's remaining contentions are without merit. Florio, J.P., Santucci, Mastro and Spolzino, JJ., concur.